IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

LINDA J. TABOR, )
)
        **Plaintiff,** )
)
v. ) Case No. CIV-14-281-RAW-SPS
)
CAROLYN W. COLVIN, )
**Acting Commissioner of the Social** )
**Security Administration,** )
)
        **Defendant.** )

## REPORT AND RECOMMENDATION

The claimant Linda J. Tabor requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on May 7, 1960, and was fifty-two years old at the time of the administrative hearing (Tr. 38). She completed her GED and has worked as a loan officer, mortgage loan originator/broker, and accounts payable clerk (Tr. 24, 151). The claimant alleges she has been unable to work since August 1, 2010, due to carpal tunnel, Bell's palsy, right leg shorter than left, depression, heart problems, migraines, panic attacks, high blood pressure, and chronic obstructive pulmonary disease (COPD) (Tr. 151).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on August 23, 2010. Her applications were denied. ALJ Bernard Porter conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated November 16, 2012 (Tr. 10-26). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found the

claimant retained the residual functional capacity ("RFC") to perform a range of light work as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, she could lift/carry/push/pull twenty pounds occasionally and ten pounds frequently, but was limited to occasional overhead reaching; could stand, walk, and sit six hours in an eight-hour workday, but was limited to occasional use of foot controls and needed a sit/stand option allowing for a change in position every thirty minutes; she could never climb ladders, scaffolds, or crawl, or work around unprotected heights, moving mechanical parts, environments with exposure to dust, fumes, and gases, or be around temperature extremes. He also found that, due to psychologically based factors, she could have no more than occasional interaction with the public, co-workers, and supervisors (Tr. 15). The ALJ concluded that the claimant was not disabled because she there was work she could perform, *i. e.*, electrical assembler and small products assembler, both reduced by 50% availability due to the sit/stand option, and parking lot attendant (Tr. 25).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinion of treating physician, Dr. Ben Cheek, D.O.; (ii) by failing to consider all her impairments in combination at step four, particularly related to her ability to stand in accordance with the requirements of light work; and (iii) by failing to properly account for her mental impairments as assessed by state reviewing physician Dr. Sally Varghese. The undersigned Magistrate Judge agrees with the claimant's third contention, and the case should be reversed.

The ALJ found that the claimant had the severe impairments of degenerative disc disease, hypertension, migraines, COPD, leg length discrepancy (right shorter than left), and depression (Tr. 12). State reviewing physician Dr. Varghese completed a Psychiatric Review Technique on December 29, 2010 (Tr. 410-422). Dr. Varghese found that claimant's mental impairments consisted of major depressive disorder, mild, and anxiety (Tr. 413, 415). As a result, Dr. Varghese found that the claimant was moderately impaired in the functional categories of activities of daily living and maintaining concentration, persistence, or pace, and mildly impaired with regard to maintaining social functioning (Tr. 420). Dr. Varghese also completed a Mental RFC Assessment and found the claimant was markedly limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public (Tr. 406-407). In her written comments, Dr. Varghese wrote that claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation (Tr. 408).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record. As to Dr. Varghese's opinion, he found it was "consistent with the evidence and [is] afforded great weight" (Tr. 24). The claimant argues that, despite affording her opinion great weight, the ALJ nevertheless failed to properly assess Dr. Varghese's opinion. More specifically, the claimant argues that the ALJ failed to acknowledge Dr. Varghese's findings that the claimant was markedly

limited in the ability to understand and remember detailed instructions, carry out detailed instructions, and interact with the general public in his RFC findings.

Social Security Ruling 96–6p instructs that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4 (July 2, 1996). These opinions are to be treated as medical opinions from non-examining sources. *Id.* at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id. See also Valdez v. Barnhart,* 62 Fed. Appx. 838, 841 (10th Cir.2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii). Here, the ALJ's sum total assessment related to Dr. Varghese's opinion states, "the undersigned finds the opinions rendered by the State Agency psychological consultants to be consistent with the evidence and are afforded great weight" (Tr. 24). Although his RFC assessment found she could have no more than occasional interaction with the public, co-workers, and supervisors, it in no way acknowledged Dr. Varghese's findings related to simple tasks with routine supervision, and arguably does not account for the finding that she cannot relate to the general public (Tr. 408). *See, e.g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler,* 742 F.2d 382, 385–86 (7th Cir. 1984) ("Th[e]

report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The government argues that the findings of marked limitations contained in the first section of the mental RFC assessment are merely a "worksheet" and not her ultimate opinion. *See* Social Security Administration Program Operations Manual System (POMS) DI 24510.060, *Mental Residual Functional Capacity Assessment* ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment. . . . Section III – Functional Capacity Assessment is for recording the mental RFC determination [and is] the actual mental RFC assessment [as] recorded."). The Commissioner thus argues that the findings of marked limitations are not necessary to inclusion in the ultimate RFC assessment because this position has been adopted in at least one unpublished opinion by the Tenth Circuit. *See Sullivan v. Colvin*, 519 Fed. Appx. 985, 989 (10th Cir. 2013). *But see* Docket No. 17, Ex. 3, *Richardson v. Astrue*, Case No. 11-4096, at *10 (10th Cir. Nov. 10, 2011) (slip op.) ("In light of our remand, the ALJ should determine in the first instance the significance of Dr. Hedges' fourteen moderate limitations vis-à-vis his conclusion that Mr. Richardson could perform simple, low-stress, repetitive work."). The Commissioner does acknowledge, however, that here, the ALJ further failed to incorporate the actual mental RFC assessment by Dr. Varghese found in Section III, but asserts that such failure was harmless error because the jobs identified at step five nevertheless account for those limitations. The undersigned

Magistrate Judge, however, finds that the jobs identified *do not* account for those limitations, particularly with regard to the reasoning level requirements. The VE identified as work the claimant could perform with the associated RFC the jobs of electrical assembler, DICOT § 729.687-010; parking lot attendant, DICOT § 915.473-010; and small products assembler, DICOT § 706.684-022. All three listed jobs have a reasoning level of 2, which require a worker to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." DICOT §§ 729.687-010, 915.473-010, 706.684-022 [emphasis added]. These reasoning levels best identify the level of simplicity (or, conversely, complexity) associated with the job. *See Cooper v. Barnhart,* 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted]. If a claimant is limited to simple tasks, it stands to reason that a job requiring the ability to understand and carry out detailed but uninvolved written or oral instructions would create a conflict. *See McKinnon v. Astrue,* 2010 WL 3190621, at *5 (D. Colo. Aug. 12, 2010); *Allen v. Barnhart,* 2003 WL 22159050, at *10 (N.D. Cal. Aug. 28, 2003) (examining the requirements of the GED reasoning level of 2 and finding that "[t]he need to follow 'detailed' and 'involved' instructions exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.' Such instructions are not simple and uncomplicated, or limited to one or two steps."). "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the

ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir.1999). *See also Krueger v. Astrue,* 337 Fed. Appx. 758, 760–762 (10th Cir. 2009) (reversing and remanding in part because the ALJ failed to resolve a conflict between VE's testimony and DOT job descriptions); *Poppa v. Astrue,* 569 F.3d 1167, 1173 (10th Cir.2009) (noting that SSR 00–4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"); *Hackett v. Barnhart,* 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations). Furthermore, "[t]he [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000) [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT (Tr. 64), there *is* a conflict that the ALJ was required to resolve. *See Haddock*, 196 F.3d at 1091.

Although the unresolved conflict as to the claimant's mental limitations would have been harmless error if other jobs had been identified that did not pose a conflict, they are not harmless here because all three jobs identified had a reasoning level of 2. *See Stokes v. Astrue,* 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding that any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.").

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence.  Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 11th day of September, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**